IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL GONZALEZ, | ) | |
|     Plaintiff, | ) | Civil Action No. 12-309 Erie |
| | ) | |
| v. | ) | District Judge Hornak |
| | ) | |
| Mr. HARLOW, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that Defendants' Motion To Dismiss [ECF No.14] be granted in its entirety. The Clerk of Courts should be directed to close this case.

**II.   REPORT**

    **A.  Relevant Procedural History**

Plaintiff Angel Gonzalez, an inmate at the State Correctional Institution at Albion, brings this civil rights action against Warden Mr. Harlow and the D.O.C. CERT Team at SCI Albion claiming that they violated Plaintiff's rights under the Eighth Amendment to the United States Constitution.  Plaintiff claims that members of a CERT team injured him when they entered his cell and that he was called a "baby raper" by one of them.  He also claims that there was no close supervision over the team when it was in his unit by any SCI Albion officers.

In particular, Plaintiff avers that the CERT team that entered his cell was composed of correctional officers from other parts of the state with only one supervisor who stood apart from

1

the team while in Plaintiff's sex offender unit. He claims that when the team came to his cell "to shake it down" [ECF No.9 at p.2], an unnamed member of the team called him a "baby raper." Id. Plaintiff claims that he was then told to put his face against the wall and he was handcuffed by twisting his arm with such force that he heard a bone pop. He claims that he begged for them not to hurt him and he screamed in pain. Id. Plaintiff explains that the CERT team did anything it wanted to do because the Superintendent did not supervise them. He also claims that during the search some of his food was taken.

Defendants move to dismiss Plaintiff's complaint in its entirety [ECF No. 14] on two bases: 1) The CERT team, identified by Defendants as the Corrections Emergency Response Team, is not a person for § 1983 purposes and is entitled to immunity under the Eleventh Amendment to the United States Constitution, and 2) Plaintiff fails to show the personal involvement of Defendant Harlow. Plaintiff has not filed an opposition to the motion despite having ample time to do so. Instead, he filed a letter to the Court, dated August 16, 2013, explaining that his jailhouse lawyer was in restricted housing and that he could not proceed on his own. He asked that counsel be appointed to represent him in this matter. His request was denied pursuant to an analysis under Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), which determination was affirmed by the District Judge on appeal on September 9, 2013. No other filing has been received from Plaintiff.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If

the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit expounded on the Twombly/Iqbal line of cases as follows:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> > First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of

> truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Eleventh Amendment Immunity

First, Defendants argue that the CERT team is not a proper defendant in a § 1983 suit because the team is an agent of the state and as such enjoys immunity under the Eleventh Amendment.

The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) citing Alabama v. Pugh, 438 U.S. 781 (1978). The CERT team is an agent of the DOC, which administers all state correctional institutions including SCI-Albion, and stands in the position of the state. Thus, the CERT team, sued in its official capacity, is entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Steele v. Pennsylvania, 2009 WL 614800, at *8 (W.D. Pa.).

No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538, at *1 n.2 (E.D.Pa.) nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, 1998 WL 151803

5

at *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table). See also 42 Pa.C.S. § 8521(b); Chittister v. Dep't of Community & Economic Development, 226 F.3d 223, 226 (3d Cir. 2000) ("The legislature has directed that the Commonwealth retains its sovereign immunity. See 1 Pa.Cons.Stat.Ann. § 2310 (West Supp. 2000) ( "[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth ... shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.")"). Accordingly, the motion to dismiss should be granted as to the claims against the CERT team.

### D. Supervisory Liability of Superintendent Harlow

Next, Defendants argue that all claims against Defendant Superintendent Harlow should be dismissed because he is named in his supervisory capacity only, having no specific claims of personal involvement against him in the CERT incident.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a

6

theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006).

Here, Plaintiff has failed to make any allegations against Defendant Harlow beyond that he failed to supervise the CERT team while it was in the sex offender unit where Plaintiff was housed. Because liability cannot attach against this Defendant based solely upon his supervisory role, the claims against him should be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion To Dismiss [ECF No.14] be granted in its entirety. The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of

appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 22, 2014